52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Joe HENDRIX, Defendant-Appellant.
 No. 94-1404.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 Before: ENGEL, KENNEDY, and SUHRHEINRICH, Circuit Judges.
 ENGEL, Circuit Judge.
 
 
 1
 The primary issue in this appeal is whether certain evidence was improperly admitted in this criminal trial. The appellant, Bobby Joe Hendrix, was arrested for driving without a license after being stopped for running a stop sign. At that time, Hendrix admitted to having a loaded semi-automatic weapon in the glove compartment, and a piece of paper Hendrix had thrown under the car contained eight rocks of crack cocaine. Hendrix also had a working pager in his pants pocket. The police then legally searched Hendrix's home, seizing a photo and several letters which were introduced at trial over the objection on grounds of relevancy by Hendrix's counsel. Hendrix was charged with one count of possessing cocaine base, or crack cocaine, with intent to distribute, and with one count of carrying a firearm during a drug trafficking crime. After a four-day trial, a jury convicted Hendrix on both counts. On appeal, Hendrix claims, first, that he possessed insufficient cocaine base to support an inference that he intended to distribute it, and second, that a photo and several letters were improperly admitted at trial. We find that the photo was irrelevant and therefore inadmissible, and because it could realistically have adversely affected the verdict, we reverse and remand for a new trial.
 
 
 2
 Hendrix claimed at trial that he bought the eight rocks of crack cocaine for his personal use. He argues that so small an amount--some 2.1 grams of cocaine base--does not suggest an intent to distribute and that the evidence was insufficient to sustain his conviction under Jackson v. Virginia, 443 U.S. 307, 316 (1979). At trial, the government presented expert testimony that the eight rocks recovered could be divided further into up to 96 individual doses for street sale. While he quarrels with this calculation, Hendrix did not offer any contradictory testimony. In addition to the crack, police officers found Hendrix in possession of a semi-automatic weapon and a pager, two items particularly useful to drug dealers. Moreover, Hendrix's own explanation that he bought the crack for his personal use is inconsistent with his negative drug tests performed prior to his arrest. This evidence suffices to support the conviction for possession with an intent to distribute.
 
 
 3
 Hendrix also argues that the photo and the letters were irrelevant and should not have been admitted into evidence at trial. Hendrix's counsel properly preserved this issue for appeal by objecting under Federal Rule of Evidence 403 to the irrelevance and the prejudicial impact of both items. This court reviews the district court's admission of evidence for an abuse of discretion. United States v. Bonds, 12 F.3d 540, 554 (6th Cir.1993). Even if an abuse occurred, this court may not reverse and remand for a new trial unless the "substantial rights" of the defendant are affected. Id.
 
 
 4
 The photo portrays four young African-American men, Hendrix included, one of whom is holding cash fanned out before him. It is impossible to determine how much cash is displayed. There may be anywhere from ten to over a hundred bills, all of unknown denomination. Nothing in the photo indicates what the cash might represent or where it came from. The photo does not bear a date, nor did either party introduce testimony at trial regarding when the photo was taken or by whom. A police officer did, however, testify that in the photo, one of the subjects is making a signal to indicate membership in a gang.
 
 
 5
 The federal prosecutor contends that the photo demonstrates Hendrix's involvement in drug trafficking. He argues that the cash displayed must be a substantial amount or the young man in the photo would not so display it, and that the amount of cash and the gang signal both indicate that the cash represents drug proceeds.
 
 
 6
 We disagree. The photo does not show Hendrix holding money, nor does it show Hendrix making a gang signal. Nor does it show anyone with drugs or drug paraphernalia. We do not know who the other three young men are or what their relationship is with Hendrix, and there is no suggestion that they were in the car with Hendrix or otherwise involved with his crime. The photo does, however, imply that Hendrix was involved in gang activity, or that at least he was friends with gang members. Yet the prosecution offered no support for such an inference. Even if Hendrix was a gang member or knew gang members, there is no evidence that any gang was in any way involved in the crime for which he was tried and convicted. There is simply no connection between this photograph and the crime, and the photo is thus irrelevant to the trial. At the same time, the photo seems intended to appeal to jurors' prejudices about the young black men, rather than to their disinterested judgment of Hendrix's guilt or innocence of the charged crimes. That the jury asked to see the photo and the letters just before returning a decision is further strong evidence that the photo may have adversely and unfairly affected the outcome of the trial. We find that the photo was irrelevant, that the trial judge erred in admitting it, and that as a result of its admission, Hendrix may not have received a fair trial.
 
 
 7
 In the same search of Hendrix's house, the police also seized several letters from different people to Hendrix. The letters were apparently written by friends of Hendrix who were then in prison. Two of the letters mentioned the term "hook-up" in different, unclear contexts. The prosecutor introduced the letters with testimony from a police officer that the term "hook-up" is used in street language to refer to a drug supplier. Hendrix argued at trial and on appeal that these letters are irrelevant and more likely prejudicial than probative.
 
 
 8
 The letters, like the photo, have little explicit connection with the crime. At most, they indicate that Hendrix knew people who offered to introduce him to a drug supplier--and this meaning is far from clear in the letters themselves. Even so, the prosecutor did not attempt to demonstrate that Hendrix accepted the offer or that he ever responded to the letters in any way. The letters do not, standing alone, reflect any wrongdoing by Hendrix. They may prove opportunity--that had Hendrix wanted a drug supplier, he could have found one--but even this interpretation leans heavily upon the government witness's testimony regarding one word with no useful context. At the same time, the letters contain strong language likely to prejudice jurors, and of course they demonstrate that Hendrix associated with prisoners. Without more foundation, we find the letters irrelevant to the central question of Hendrix's guilt or innocence. We are also concerned that to the extent that they indicate anything about Hendrix, they constitute hearsay. Hendrix's counsel did not object on hearsay grounds, and we hesitate to find clear error in admission of the letters, but given our decision concerning the photo, we need not reach these issues. We are confident that at Hendrix's new trial, the government will either provide a proper connection between the letters and the crime along with an explanation why the hearsay rule will not bar their admission, or it will try Hendrix without the letters.
 
 
 9
 We hold that a jury could convict Hendrix of possession with intent to distribute based upon the evidence, and it may yet do so. Nevertheless, we also hold that Hendrix's trial was impermissibly tainted with prejudice. We believe that the photo, and perhaps the letters, may have swayed the jury and rendered the trial unfair. Therefore, we REVERSE and REMAND for a new trial consistent with this opinion.